UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRUD ROSSMAN,

    Plaintiff,

v.

MICHAEL S. WICHLINSKI, *et al.*,

    Defendants.

Case: 1:17-cv-00716 (F-Deck)
Assigned To : Unassigned
Assign. Date : 4/19/2017
Description: Pro Se Gen. Civil

## MEMORANDUM OPINION

The Court must keep in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). the purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted such that they can prepare a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

This plaintiff has filed two substantially similar complaints. The defendant named in each complaint is a law enforcement agent who allegedly "accosted" and "interrogated" him on December 21, 2016. *See* Compl. ¶¶ 26, 28-31. Plaintiff's legal claims of fraud and conversion,

5

however, appear to have arisen from unrelated events. He alleges that he has lost personal, intellectual, and real property in a Ponzi scheme, *see id.* ¶¶ 53-128, for which he demands compensatory damages of $10 million, and unspecified injunctive and declaratory relief, *id.* ¶ 129.

For purposes of this Memorandum, the Court consolidates the two complaints. As drafted, the complaints fail to comply with Rule 8(a). There is no short and plain statement showing that plaintiff is entitled to the relief he demands. Nor are there any factual allegations connecting the named defendants to the property losses plaintiff claims to have sustained. The Court will dismiss plaintiff's complaints because they fail to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), as against the named defendants.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 4/11-17

_____
United States District Judge